UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

KHOA DANG NGUYEN,

　　　　　　　Plaintiff,

　　　　v.

WELLS FARGO BANK, NA, et al.,

　　　　　　　Defendants.

Case No. 16-CV-03043-LHK

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Re: Dkt. No. 8, 17, 22, 25, 34

Plaintiff Khoa Dang Nguyen ("Plaintiff"), proceeding pro se, sues Defendants Wells Fargo Bank, N.A., ("Wells Fargo") and John G. Stumpf (collectively, "Defendants"). ECF No. 1 ("Compl."). Before the Court is Defendants' motion to dismiss. ECF No. 8. Pursuant to Civil Local Rule 7-1(b), the Court finds the matter suitable for resolution without oral argument and VACATES the hearing set for December 1, 2016. The case management conference set for December 1, 2016 at 1:30 p.m., is hereby continued to March 8, 2017, at 2:00 p.m. Having considered the parties' submissions, the relevant law, and the record in the case, the Court hereby GRANTS Defendants' motion to dismiss.

I.　　BACKGROUND

　　　The following facts are discerned from Plaintiff's pro se complaint and the judicially

1

United States District Court
Northern District of California

noticeable documents submitted by Defendants.[1]  On March 8, 2002, Plaintiff borrowed $272,400.00 from Defendant Wells Fargo and executed a deed of trust, encumbering the property at 741 East Julian Street in San Jose, California (hereinafter, the "Property").  ECF No. 9-1 (Request for Judicial Notice, or "RJN"), Ex. A.  On July 15, 2009, Plaintiff executed an Individual Grant Deed granting the Property to Theresa Ziemkowski.  RJN, Ex. B.

According to Plaintiff, "[s]uddenly on [July 12, 2011] Wells Fargo Bank stopped immediately my mortgage account at Wells Fargo bank thereon I have not paid my monthly mortgage $1,699.43 any more."  Compl. at 2.  Plaintiff states that "[d]uring ten years I have had thirteen times to turn in my application for refinance, modification, repayment plan or modification plan, or reverse plan . . . for rate mortgage lowering, . . . but I never have been successful or approved."  *Id.* at 3.

Plaintiff lists thirteen dates, spanning from April 23, 2009 to May 27, 2016, in which Plaintiff submitted applications to Wells Fargo for home loan modifications.  *Id.* at 3–4.  However, Wells Fargo denied Plaintiff's application each time.  *Id.*  Plaintiff attached to his complaint several letters evincing Wells Fargo's denials.  For example, on May 9, 2016, Wells Fargo sent Plaintiff a letter denying Plaintiff's request for a modification under the Home Affordable Modification Program ("HAMP"), stating that "[b]ased on the documentation [Plaintiff] provided, [Wells Fargo] [was] unable to create an affordable mortgage payment" given Plaintiff's monthly gross income of $3,770.00.  Compl. Ex. 5.  Also on May 9, 2016, Wells Fargo sent Plaintiff a letter denying Plaintiff's approval for participation in a "Repayment Plan" because Wells Fargo

---

[1] A court generally may not look beyond the four corners of a complaint in ruling on a Rule 12(b)(6) motion, with the exception of documents incorporated into the complaint by reference, and any relevant matters subject to judicial notice.  *Swartz v. KPMG LLP*, 476 756, 763 (9th Cir. 2007).  "[M]atters of public record" are the appropriate subject of judicial notice.  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002).  The Court GRANTS Defendants' unopposed request for judicial notice of the Deed of Trust, the Individual Grant Deed, the Notice of Default, the Rescission of Notice of Default, and the Complaint and Notice of Voluntary Dismissal from *Nguyen v. Wells Fargo*, Case No. 13-CV-02986-LHK.  *See* ECF No. 9.  These documents are matters of public record and the proper subject of judicial notice.  *See Lee*, 250 F.3d at 689.

Case No. 16-CV-03043-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

1  was "unable to create an affordable mortgage payment" for Plaintiff.  *Id.*

2      Plaintiff states that "more than five times . . . Wells Fargo Bank post my home [o]n the

3  foreclosure and Notice of Trustee's Sale," including on June 20, 2012; February 28, 2013; and

4  June 11, 2013.  Compl. at 4; *see also* Compl. Ex. 6.

5      **B.   Procedural History**

6      On June 6, 2016, Plaintiff filed a Complaint against Defendants in this Court.  ECF No. 1.

7  On August 31, 2016, Defendants filed a motion to dismiss the Complaint pursuant to Federal Rule

8  of Civil Procedure 12(b)(6).  ECF No. 8 ("Def. Mot.").  Defendants argued in their motion to

9  dismiss that Plaintiff failed to state a claim because Plaintiff was not the "real party in interest" to

10  the lawsuit because Plaintiff deeded the Property to Theresa Ziemkowski.  *Id.* at 3–4.  Further,

11  Defendants argued that Plaintiff failed to state a claim because Plaintiff's Complaint did not

12  identify any cause of action or identify any statute that Defendants had violated, *id.* at 4–5.

13      On September 12, 2016, Plaintiff filed a document titled "Motion on the Discrimination

14  and the Damage has caused by the Lender and Argue on the Defendant's Motion to Dismiss Can't

15  be Granted."  ECF No. 17.  Plaintiff stated that he had asked Wells Fargo to reduce his mortgage

16  rate "[m]ore than thirteen times" but that Plaintiff "can't made it due to the DISCRIMINATION."

17  *Id.* at 2.  Plaintiff also asserted that he has lived at the Property with his family since the date that

18  Plaintiff purchased the Property.  *Id.*

19      On September 19, 2016, Defendants filed a response, arguing that Plaintiff's filing was

20  "procedurally defective" if the filing was intended as a separate motion and, regardless, that

21  Plaintiff's argument "lacked merit" because Wells Fargo was not required under California law to

22  offer Plaintiff a home loan modification.  ECF No. 19.

23      On September 26, 2016, Plaintiff filed a document entitled "Motion on the Discrimination

24  and the Damage Has Caused by Wells Fargo Bank."  ECF No. 22.  Plaintiff asserted that he

25  "didn't argue about the [m]odification, I want to argue about the Discrimination[.]  But right now I

26  didn't want Modification any more . . . ."  *Id.* at 1.  Plaintiff further stated that he was asking the

27  Court "for trial about the damage on [his] emotional" and physical health.  *Id.* at 2.

28

United States District Court
Northern District of California

3
Case No. 16-CV-03043-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

On October 3, 2016, Plaintiff filed a document entitled "Motion on Ownership was Confirmed by Wells Fargo Bank; Argue on the Defendant's Denial of the Ownership."  ECF No. 25.  Plaintiff again stated that he had "lived in [the Property] from the first date of [his] signature of the final paper works" for the Property and that Wells Fargo was wrong about Plaintiff not owning the Property.  *Id.* at 1–2.

On October 6, 2016, Defendants responded to the two filings described above.  ECF No. 27.  Defendants again contended that Plaintiff's filings were "procedurally defective" as separate motions and, if construed as responses to Defendants' motion to dismiss, that Plaintiff's responses were untimely and lacked merit.  *Id.*, at 1–5.[2]

## II.      LEGAL STANDARD
### A.  Motion to Dismiss Under Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (internal citation omitted).

For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations

---

[2] On November 23, 2016, Plaintiff filed a document entitled "Submitted the property ownership For modification application Are pending."  ECF No. 34.  Plaintiff states in his submission that "[d]ue to the application for modification on the HOME MORTGAGE REFINANCE RATE pending since the evidence of property ownership . . . that has caused the consideration of Modification application delayed on the ADR held by phone from court order. . . ."  *Id.* at 1. Plaintiff's submission included an Individual Grant Deed, which purports to show that Theresa Ziemkowski deeded the Property to Plaintiff on February 8, 2014.  *Id.* at 5.  Even assuming, however, that the Court can take notice of this document in ruling on the instant motion and that this document establishes that Plaintiff is the owner of the Property, Plaintiff's ownership of the Property does not affect the Court's ruling on the instant motion for the reasons discussed below, and thus the Court need not consider Plaintiff's submission in ruling on the instant motion.

in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, a court need not accept as true allegations contradicted by judicially noticeable facts, *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and a "court may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into one for summary judgment, *Shaw v. Hahn*, 56 F.3d 1061, 1064 (9th Cir. 2011). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179 1183 (9th Cir. 2004).

### B. Leave to Amend

If the court concludes that a motion to dismiss should be granted, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez*, 203 F.3d at 1127 (citation omitted). Nonetheless, a district court may deny leave to amend a complaint due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (alteration in original).

### III.   DISCUSSION

First, the Court begins with Plaintiff's three filings that are titled as "motions." As discussed above, after Defendants filed their motion to dismiss, Plaintiff filed on September 12, 2016 a "Motion on the Discrimination and the Damage has caused by the Lender and Argue on the Defendant's Motion Dismiss Can't be Granted." ECF No. 17. On September 26, 2016, Plaintiff filed a "Motion on the Discrimination and the Damage Has Caused by Wells Fargo Bank." ECF

Case No. 16-CV-03043-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

*United States District Court*
*Northern District of California*

No. 22.  On October 3, 2016, Plaintiff filed a "Motion on Ownership was Confirmed by Well Fargo Bank."  *See* ECF No. 25.  Plaintiff's "motions" respond to the arguments raised by Defendants in Defendants' motion to dismiss, and do not otherwise request relief apart from asking the Court "for trial." *See, e.g.*, ECF No. 22, at 2.  Accordingly, the Court will construe these filings as Plaintiff's response to Defendants' motion to dismiss.

Civil Local Rule 7-3 states that a Plaintiff may oppose a motion to dismiss by filing a brief in opposition within 14 days after the motion to dismiss was filed.  Civil L.R. 7-3(a).  Thus, Plaintiff's opposition to Defendants' August 31, 2016 motion to dismiss was due on September 14, 2016.  Plaintiff filed three filings opposing Defendants' motion to dismiss, and two of Plaintiff's filings—the September 26, 2016 filing and the October 3, 2016 filing—are untimely. *See* ECF No. 22, 25; *see also* Civil L.R. 7-3(a).  However, despite these procedural deficiencies, the Court will consider Plaintiff's three filings because Plaintiff is proceeding pro se. *See Germaine Music v. Univ. Songs of Polygram*, 130 F. App'x 153, 155 (9th Cir. 2005) (noting the Ninth Circuit's "repeated insistence that courts must construe pro se pleadings and motions liberally").  Moreover, as discussed further below, the resolution of the instant motion is not affected by the Court's consideration of Plaintiff's procedurally defective filings.

Although the Court will consider Plaintiff's procedurally defective filings as briefs in opposition to Defendants' motion to dismiss, Plaintiff is now on notice of the Civil Local Rule's filing requirements.  Accordingly, Plaintiff's future oppositions to Defendants' motions must be limited to one brief in opposition and must be filed within 14 days of Defendants' motion.  The Court will strike Plaintiff's filings that do not comply with these requirements, and the Court will not consider them.

Second, turning to Defendants' motion to dismiss, the Court agrees with Defendants that Plaintiff has failed to state a claim for relief.  "Courts have a duty to construe pro se pleadings liberally." *Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).  However, even construing Plaintiff's Complaint liberally, the Court is unable to discern what substantive claims Plaintiff seeks to pursue. *See* Compl. at 1–7.  Indeed, the Complaint does not identify any cause

Case No. 16-CV-03043-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

United States District Court
Northern District of California

United States District Court
Northern District of California

1    of action, nor does Plaintiff cite any statute or regulation from which the Court could discern a

2    cause of action.  *See id.*  Rather, Plaintiff's Complaint discusses Plaintiff's loan with Wells Fargo,

3    the economic crisis of 2007, Plaintiff's attempts at loan modification with Wells Fargo, and that

4    the foreclosure of Plaintiff's home has caused Plaintiff depression, stroke, and a heart attack.  *Id.*

5    at 1–4.  Though these allegations suggest that Plaintiff seeks to state a claim based on Defendants'

6    denial of Plaintiff's applications for a home loan modification, Plaintiff states in Plaintiff's

7    "Motion on the Discrimination and the Damage Has Caused by Wells Fargo Bank" that Plaintiff

8    "didn't argue about the [loan] modification" and that Plaintiff "didn't want Modification any more

9    but that he "want[s] to argue about the Discrimination."  ECF No. 22, at 1.  However, to the extent

10   that Plaintiff is stating a claim for discrimination, the Complaint contains no facts from which to

11   discern how Plaintiff was discriminated against by Defendants or on what basis.  *See generally*

12   Compl. at 1–7.

13         Federal Rule of Civil Procedure 8 provides that the Complaint must contain "a short and

14   plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

15   The purpose of this Rule is to "give the defendant fair notice of what the plaintiff's claim is and

16   the grounds upon which it rests."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (internal

17   quotation marks omitted).  Here, because the Court is unable to discern the cause of action that

18   Plaintiff seeks to bring against Defendants, the Complaint fails to give Defendants' "fair notice" of

19   Plaintiff's claims, and Plaintiff has failed to comply with Rule 8.  *See Wiskind v. JPMorgan Chase*

20   *Bank, N.A.*, 2015 WL 400549, at * 1–2 (N.D. Cal. Jan. 29, 2015) (dismissing complaint for failure

21   to comply with Rule 8 because the "legal theories [were] unclear" and the complaint was "infused

22   with extraneous statements" about the banking industry); *Bertuccio v. San Benito Cnty.*, 2013 WL

23   2147421, at *2 (N.D. Cal. May 15, 2013)(dismissing pro se complaint because "the Court [was]

24   unable to determine which parts of the Complaint show that Plaintiff is entitled to relief").

25         Thus, because Plaintiff has failed to state a claim, the Court GRANTS with leave to amend

26

27

28
                                                    7

Defendants' motion to dismiss.[3]  Leave to amend will be granted so that Plaintiff can clearly identify the factual basis of his allegations, specify which allegations are brought against which Defendants, and clearly identify the relief that Plaintiff requests.  *See Lopez*, 203 F.3d at 1127 (holding that leave to amend should be granted unless the Court "determines that the pleading could not possibly be cured by the allegation of other facts").  Although Defendants specifically request in their motion to dismiss that the Court not grant Plaintiff leave to amend his claims against Defendant Stumpf, *see* ECF No. 8, at 8–9, the Court will grant at this time Plaintiff leave to amend claims against all Defendants.  *Soto v. First Student, Inc.*, 2012 WL 1413431, at *1 (N.D. Cal. Apr. 23, 2012) (granting leave to amend "[g]iven the liberal policy of allowing amendments, particularly for pro se litigants"); *see also Lopez*, 203 F.3d at 1127.  Nonetheless, Plaintiff has been made aware of Defendants' arguments regarding Plaintiff's ability to state a claim against Defendant Stumpf as an individual, *see* Def. Mot., at 8–9, and thus Plaintiff's amended complaint, if any, must cure these identified deficiencies or face dismissal with prejudice.

**IV.     CONCLUSION**

        For the foregoing reasons, the Court GRANTS with leave to amend Defendants' motion to dismiss.  Should Plaintiff elect to file an amended complaint curing the deficiencies identified

---

[3] Defendants also argue that Plaintiff cannot state a claim for relief because Plaintiff does not own title to the Property and Plaintiff is thus not the "real party in interest" to this lawsuit. Def. Mot. at 3; *see* Fed. R. Civ. P. 17(requiring an action "be prosecuted in the name of the real party in interest"). However, as discussed above, the Court is unable to discern which substantive causes of action Plaintiff seeks to bring, and thus the Court is unable to determine whether Plaintiff must own the Property in order to state a particular claim. Moreover, Defendants' citation in support of its real-party-in-interest argument, *U-Haul Int'l v. Jartran, Inc.*, 793 F.2d 1034 (9th Cir. 1986), "concerned complex corporate relationships involved in the rental of U-Haul trucks and trailers, and does not clearly speak to the issue" of who may appropriately challenge a wrongful foreclosure or a denial of a home loan modification. *See Renowitzky v. Wells Fargo Bank N.A.*, 2016 WL 3276976, at *6 (N.D. Cal. June 15, 2016) (declining, in a wrongful foreclosure case, to reach Wells Fargo's argument that a resident of the property was not the "real party in interest" to the lawsuit because Wells Fargo's citation to *U-Haul* does "not clearly speak to the issue at hand"). Under these circumstances, and because the Court dismisses Plaintiff's complaint for failure to meet the pleading requirements of Rule 8, the Court need not reach Defendants' real-party-in-interest argument.

8

herein, Plaintiff shall do so within thirty (30) days of this Order.  Failure to meet the thirty-day

deadline to file an amended complaint or failure to cure the deficiencies identified in this Order

will result in a dismissal with prejudice of Plaintiff's claims.

**IT IS SO ORDERED.**

Dated: November 28, 2016

_Lucy H. Koh_

LUCY H. KOH
United States District Judge

United States District Court
Northern District of California

Case No. 16-CV-03043-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS