UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KHOA DANG NGUYEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK, NA, et al.<br><br>　　　　Defendants. | Case No. 16-CV-03043-LHK<br><br>**ORDER CONSTRUING PLAINTIFF'S MOTION TO AMEND LAW SUIT AS PLAINTIFF'S FIRST AMENDED COMPLAINT; GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 36, 40 |

Plaintiff Khoa Dang Nguyen ("Plaintiff"), proceeding pro se, sues Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), and John G. Stumpf (collectively, "Defendants"). ECF No. 1 ("Compl."). Before the Court is Plaintiff's "Motion to Amend the Law Suit," ECF No. 36 ("Pl. Mot."), and Defendants' motion to dismiss, ECF No. 40 ("Mot. to Dismiss"). Pursuant to Civil Local Rule 7-1(b), the Court finds the matters suitable for decision without oral argument and hereby VACATES the motions hearing set for March 9, 2017. The Court also VACATES the March 8, 2017 case management conference. Having considered the parties' submissions, the relevant law, and the record in this case, the Court hereby construes Plaintiff's "Motion to Amend the Law Suit" as Plaintiff's First Amended Complaint ("FAC"), and the Court GRANTS

1

Case No. 16-CV-03043-LHK
ORDER CONSTRUING PLAINTIFF'S MOTION TO AMEND LAW SUIT AS PLAINTIFF'S FIRST AMENDED COMPLAINT; GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND

Defendants' motion to dismiss the FAC without leave to amend.

## I.   BACKGROUND

### A.   Factual Background

The following facts are discerned from Plaintiff's pro se complaint and the judicially noticeable documents submitted by Defendants.[1] On March 8, 2002, Plaintiff borrowed $272,400.00 from Defendant Wells Fargo and executed a deed of trust, encumbering the property at 741 East Julian Street in San Jose, California (hereinafter, "the Property."). ECF No. 41 (Request for Judicial Notice, or "RJN"), Ex. A. On July 15, 2009, Plaintiff executed an Individual Grant Deed granting the Property to Theresa Ziemkowski. RJN, Ex. B.

According to Plaintiff, "[s]uddenly on [July 12, 2011] Wells Fargo Bank stopped immediately my mortgage account at Wells Fargo bank thereon I have not paid my monthly mortgage $1,699.43 any more." Compl. at 2. Plaintiff states that "[d]uring ten years I have had thirteen times to turn in my application for refinance, modification, repayment plan or modification plan, or reverse plan . . . for rate mortgage lowering, . . . but I never have been successful or approved." *Id.* at 3.

Plaintiff lists thirteen dates, spanning from April 23, 2009 to May 27, 2016, in which Plaintiff submitted applications to Wells Fargo for home loan modifications. *Id.* at 3–4. However, Wells Fargo denied Plaintiff's application each time. *Id.*; *see also, e.g.*, *id.*, Ex. 5 (denying Plaintiff's request for a modification under the Home Affordable Modification Program because Wells Fargo was "unable to create an affordable mortgage payment" given Plaintiff's monthly

---

[1] A court generally may not look beyond the four corners of a complaint in ruling on a Rule 12(b)(6) motion, with the exception of documents incorporated into the complaint by reference, and any relevant matters subject to judicial notice. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). "[M]atters of public record" are the appropriate subject of judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002). The Court GRANTS Defendants' unopposed request for judicial notice of the Deed of Trust, the Individual Grant Deeds, the Notice of Default, the Rescission of Notice of Default, and documents relating to Plaintiff's earlier lawsuit in the Northern District of California. *See* ECF No. 41. These documents are matters of public record and are the proper subject of judicial notice.

2
Case No. 16-CV-03043-LHK
ORDER CONSTRUING PLAINTIFF'S MOTION TO AMEND LAW SUIT AS PLAINTIFF'S FIRST AMENDED COMPLAINT; GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND

gross income).  Plaintiff states that "more than five times . . . Wells Fargo Bank post my home [o]n the foreclosure and Notice of Trustee's Sale," including on June 20, 2012; February 28, 2013; and June 11, 2013.  Compl. at 4.

On November 22, 2016, during the pendency of the instant case, Theresa Ziemkowski executed an Individual Grant Deed granting the Property back to Plaintiff.  *See* RJN, Ex. 3.

**B.    Procedural History**

On June 6, 2016, Plaintiff filed a Complaint against Defendants in this Court.  *See* Compl.  On August 31, 2016, Defendants filed a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF No 8.

On September 12, 2016, Plaintiff filed a document titled "Motion on the Discrimination and the Damage has caused by the Lender and Argue on the Defendant's Motion to Dismiss Can't be Granted."  ECF No. 17.  Plaintiff stated that he had asked Wells Fargo to reduce his mortgage rate, but that Plaintiff "can't made it due to the DISCRIMINATION."  *Id.* at 2.

On September 19, 2016, Defendants filed a response to Plaintiff's September 12, 2016 motion, arguing that Plaintiff's filing was procedurally defective and, in any event, lacked merit.  ECF No. 19.

On September 26, 2016, Plaintiff filed a document entitled "Motion on the Discrimination and the Damage Has Caused by Wells Fargo Bank."  ECF No. 22.  Plaintiff asserted that he "didn't argue about the [m]odification, I want to argue about the Discrimination[.]  But right now I didn't want Modification any more . . . ."  *Id.* at 1.  Plaintiff stated that he was asking the Court "for trial about the damage on [his] emotional" and physical health.  *Id.* at 2.

On October 3, 2016, Plaintiff filed a document entitled "Motion on Ownership was Confirmed by Wells Fargo Bank; Argue on the Defendant's Denial of Ownership."  ECF No. 25.

On October 6, 2016, Defendants filed a response to Plaintiff's two filings discussed above.  ECF No. 27.  Again, Defendants contended that Plaintiff's filings were "procedurally defective" as separate motions and, if construed as responses to Defendants' motion to dismiss, Plaintiff's

3

Case No. 16-CV-03043-LHK
ORDER CONSTRUING PLAINTIFF'S MOTION TO AMEND LAW SUIT AS PLAINTIFF'S FIRST AMENDED COMPLAINT; GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND

responses were untimely and lacked merit. *Id.* at 1–5.

On November 28, 2016, the Court dismissed Plaintiff's complaint with leave to amend. ECF No. 35; *Nguyen v. Wells Fargo Bank, N.A.*, 2016 WL 6947592 (N.D. Cal. Nov. 28, 2016). The Court construed Plaintiff's variously titled "motions" as oppositions to Defendants' motion to dismiss, and the Court considered Plaintiff's filings even though Plaintiff's filings were untimely as oppositions to Defendant's motion to dismiss. *Id.* at 6. In doing so, this Court instructed Plaintiff that "Plaintiff is now on notice of the Civil Local Rule's filing requirements." *Id.* at *4. Turning to the merits of Defendants' motion to dismiss, the Court found that Plaintiff failed to state a claim. The Court explained that the Court was "unable to discern the cause of action that Plaintiff seeks to bring against Defendants," and thus Plaintiff's Complaint failed to give Defendants' "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See id.* at 7 (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)). The Court granted Plaintiff leave to amend and instructed Plaintiff to file an amended complaint within 30 days of the Court's order. *Id.* at 8–9.

On December 21, 2016, Plaintiff filed a "Motion to Amend the Law Suit filed on 06/06/2016." *See* Pl. Mot. Plaintiff's "Motion to Amend the Law Suit" stated that Plaintiff had filed applications for modifications of his mortgage, but that Wells Fargo had consistently denied Plaintiff's applications. *See id.* at 2. Plaintiff stated that "all the notice of 'Public Home Sale' . . . has threaten me, coerce me, stress me duress me[] into emotional distress and physical disability totally." *Id.* at 3. Plaintiff requested that "the court order a Punitive Damage $2,500[,]000.00 dollars for my Emotional Distress, and my physical disability that Wells Fargo Bank being fully responsibility about my damage." *Id.* at 4.

On January 4, 2017, Defendants filed an opposition to Plaintiff's "Motion to Amend the Law Suit." ECF No. 38. Defendants asserted that "[i]t is unclear whether this filing is a separate motion for relief, or Plaintiff's first amended complaint." *Id.* at 1. The Defendants argued that Plaintiff's filing was procedurally defective and, in any event, lacked merit. *See id.* at 2.

4

Case No. 16-CV-03043-LHK
ORDER CONSTRUING PLAINTIFF'S MOTION TO AMEND LAW SUIT AS PLAINTIFF'S FIRST AMENDED COMPLAINT; GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND

On that same day, Defendants filed a motion to dismiss, which construed Plaintiff's December 21, 2016 motion as Plaintiff's FAC. *See* Mot. to Dismiss. Defendants asserted that Plaintiff's FAC failed to correct the deficiencies identified by this Court in its November 28, 2016 order and failed to state a claim against Defendants. *Id.* at 7–10.

On February 24, 2017—over one month after Defendants filed their motion to dismiss—Plaintiff filed an opposition to Defendant's motion to dismiss. ECF No. 46 ("Pl. Opp."). Plaintiff again asserted that Wells Fargo's foreclosure on his property caused Plaintiff to suffer a stroke and "total[] disability." *Id.* at 1–2.

## II. LEGAL STANDARD

### A. Motion to Dismiss Under Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted).

For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, a court need not accept as true allegations contradicted by judicially noticeable facts, *Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and a "court may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into one for summary judgment, *Shaw v. Hahn*, 56 F.3d 1061, 1064 (9th Cir. 2011). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678.

**B.     Leave to Amend**

If the court concludes that a motion to dismiss should be granted, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted). Nonetheless, a district court may deny leave to amend a complaint due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (alteration in original).

**III.     DISCUSSION**

As set forth above, this Court dismissed Plaintiff's original Complaint because the Court was "unable to discern the cause of action that Plaintiff s[ought] to bring against Defendants." *Nguyen*, 2016 WL 6947592, at *4. The Court granted Plaintiff leave to amend his Complaint within 30 days of the Court's order "so that Plaintiff c[ould] clearly identify the factual basis of his allegations, specify which allegations [we]re brought against which Defendants, and clearly identify the relief that Plaintiff " sought. *Id.* at *5. The Court stated that "[f]ailure to meet the thirty-day deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in a dismissal with prejudice of Plaintiff's claims." *Id.* at *5.

Plaintiff did not file an amended complaint within the 30 days provided by this Court. Thus, Plaintiff's claims are subject to dismissal with prejudice on this basis alone. *Id.* at *5. However, as stated above, Plaintiff filed a "Motion to Amend the Law Suit" on December 21, 2016. *See* Pl. Mot. Plaintiff's "Motion to Amend the Law Suit" stated that "Wells Fargo Bank professional officers . . . were promised so much as 'good help' . . . but finally the result i[s] nothing." *Id.* at 2. Plaintiff stated that "[a]ll the Notice of 'Public Home Sale' [] has threaten[ed]

6

Case No. 16-CV-03043-LHK
ORDER CONSTRUING PLAINTIFF'S MOTION TO AMEND LAW SUIT AS PLAINTIFF'S FIRST AMENDED COMPLAINT; GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND

1    [him]" and "duress[ed] [him] . . . into emotional distress and physical disability totally." *Id.* at 3.

2    Plaintiff further alleged that "[m]odification application for lower interest of mortgage is quite

3    discrimination and my modification must be grant as others." *Id.* Plaintiff requested that the

4    Court award $2,500,000.00 to Plaintiff in punitive damages. *Id.*

5          Because Plaintiff is proceeding pro se, the Court construes Plaintiff's "Motion to Amend

6    the Law Suit" as Plaintiff's FAC because Plaintiff has otherwise not filed an amended complaint

7    in this action within the 30 days provided by the Court in its November 28, 2016 order. Moreover,

8    Defendants' motion to dismiss construed Plaintiff's "Motion to Amend the Law Suit" as

9    Plaintiff's FAC, and Plaintiff responded to Defendants' motion to dismiss and did not contest

10   Defendants' characterization of Plaintiff's filing as Plaintiff's FAC. *See* Pl. Opp.; *see also Lipsey*

11   *v. Norum*, 2015 WL 1433705, at *1 (N.D. Cal. Mar. 30, 2015) (construing pro se plaintiff's

12   motion to file an amended complaint as the plaintiff's amended complaint where the plaintiff had

13   otherwise not filed an amended pleading).

14         Construing Plaintiff's "Motion to Amend the Law suit" as Plaintiff's FAC, and construing

15   Plaintiff's pro se filings liberally, *see Bernhardt v. Los Angeles Cty*, 339 F.3d 920, 925 (9th Cir.

16   2003), the Court remains unable to discern "the cause of action that Plaintiff seeks to bring against

17   Defendants," *Nguyen*, 2016 WL 6947592, at *4. As the Court explained in its order dismissing

18   Plaintiff's original Complaint, Federal Rule of Civil Procedure 8 requires that the complaint

19   contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

20   Fed. R. Civ. P. 8(a)(2). The purpose of this Rule is to "give the defendant fair notice of what the

21   plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal

22   quotation marks omitted).

23         Plaintiff's FAC, like Plaintiff's original Complaint, identifies no cause of action. Rather,

24   Plaintiff states that Wells Fargo has denied Plaintiff's home loan modification applications,

25   Plaintiff refers to the 2008 financial crisis, Plaintiff states that he has suffered emotional and

26   physical distress from the foreclosure of his home, and Plaintiff asserts that "[m]odification

application for lower interest of mortgage is quite discrimination." *See* Pl. Mot., at 2–4.  These allegations "fail[] to give Defendants' 'fair notice' of Plaintiff's claims," and thus Plaintiff's FAC fails to comply with Rule 8.  *Nguyen*, 2016 WL 6947592, at *4 (quoting *Swierkiewicz*, 534 U.S. at 512); *see also Wiskind v. JPMorgan Chase Bank, N.A.*, 2015 WL 400549, at *1–2 (N.D. Cal. Jan. 29, 2015 ) (dismissing complaint for failure to comply with Rule 8 because the "legal theories [were] unclear" and the complaint was "infused with extraneous statements"); *Bertuccio v. San Benito Cty* ("*Bertuccio I*"), 2013 WL 2147421, at *2 (N.D. Cal. May 15, 2013) (dismissing pro se complaint because "the Court [was] unable to determine which parts of the Complaint show that Plaintiff is entitled to relief").

Furthermore, to the extent that Plaintiff's FAC alleges that Wells Fargo intentionally inflicted emotional distress on Plaintiff by foreclosing on Plaintiff's home, Plaintiff is not entitled to relief.  *See* Pl. Mot. at 3 ("I ask the court to give the punitive damage on the defendant being fully responsible for my total lost in emotional distress.").  "Where a plaintiff alleges an emotional distress claim predicated on foreclosure or threatened foreclosure, courts have found as a matter of law that foreclosing on property or acts normally associated therewith do not amount to the outrageous conduct required to support a claim for intentional infliction of emotional distress." *Reyes v. Nationstar Mortg. LLC*, 2015 WL 4554377, at *8 (N.D. Cal. July 28, 2015) (internal quotation marks omitted).  "The act of foreclosing on a home (absent other circumstances) is not the kind of extreme conduct that supports an intentional infliction of emotional distress claim." *Quinteros v. Aurora Loan Servs.*, 740 F. Supp. 2d 1163, 1172 (E.D. Cal. 2010).  Thus, to the extent that Plaintiff seeks to assert a claim against Defendants for intentional infliction of emotional distress, Plaintiff's allegations that Wells Fargo caused Plaintiff emotional distress by foreclosing on Plaintiff's home are not sufficient as a matter of law.  *Id.*

Accordingly, the Court GRANTS Defendants' motion to dismiss the FAC.  In dismissing Plaintiff's original Complaint, this Court instructed Plaintiff that "[f]ailure to meet the thirty-day deadline to file an amended complaint or failure to cure the deficiencies identified in this Order

8
Case No. 16-CV-03043-LHK
ORDER CONSTRUING PLAINTIFF'S MOTION TO AMEND LAW SUIT AS PLAINTIFF'S FIRST AMENDED COMPLAINT; GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND

will result in a dismissal with prejudice of Plaintiff's claims." *Nguyen*, 2016 WL 6947592, at *5. Thus, regardless of how this Court construes Plaintiff's "Motion to Amend the Law Suit," the Court dismisses Plaintiff's claims with prejudice. If the Court construes Plaintiff's "Motion to Amend the Law Suit" as a motion, Plaintiff failed to file an amended pleading within the 30 days provided by this Court. If the Court construes Plaintiff's filing as Plaintiff's FAC, Plaintiff has failed to correct the deficiencies that this Court identified in its order dismissing the original Complaint, and the Court concludes that further amendment would be futile. *See Bertuccio v. San Benito Cty* ("*Bertuccio II*"), 2013 WL 3803907, at *2 (N.D. Cal. July 19, 2013) (dismissing pro se complaint with prejudice after the plaintiff amended the complaint once but "the Court remain[ed] unable to discern which substantive claims Plaintiff s[ought] to pursue"). Thus, the Court GRANTS Defendants' motion to dismiss with prejudice. The Clerk shall close the file.

Dated: March 3, 2017

_____
LUCY H. KOH
United States District Judge

9
Case No. 16-CV-03043-LHK
ORDER CONSTRUING PLAINTIFF'S MOTION TO AMEND LAW SUIT AS PLAINTIFF'S FIRST AMENDED COMPLAINT; GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND